[No. 180-3. Division Three. April 6, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. ERNEST GEORGE WICKE, *Appellant*.

*Victor J. Felice*, for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *LeRoy C. Kinnie, Deputy,* for respondent.

GREEN, J.—Defendant, Ernest George Wicke, having been convicted of second-degree arson, appeals contending that he was denied a fair trial by reason of the trial court's refusal to strike certain prejudicial testimony and instruct the jury to disregard it. We disagree.

It is undisputed an arson fire occurred at West 442 Sharp in Spokane, about 1:35 a.m. on April 22, 1969. A woman with whom defendant was living at 434 West Sharp testified for the state. She related defendant arose about midnight on April 21 and informed her he was going to check on thievery that had been occurring at the wrecking yard where he worked just a block away; he returned shortly thereafter and left the house another way walking towards houses numbered 440 and 442 on West Sharp; she then heard noises emanating from those two houses; shortly thereafter, defendant returned again and after asking for and obtaining some matches he departed in the direction of the same two houses; from her residence she could see these two houses; she decided to make some coffee and sat beside the window looking in the direction in which the defendant had departed; he returned again and announced he just set fire to a house for which he was to be paid $1,000; and then she looked out the window and saw smoke coming from beneath the eaves of the house at 442 West Sharp. The state also presented testimony by an undercover agent who in the company of a civilian-dressed police officer interviewed defendant in front of 434 West Sharp on the evening of April 22, 1969. These two individuals testified defendant admitted "setting a torch" to the house at 442 West Sharp, as well as to a car and a garage.

Defendant denied setting the fire; admitted he made the statements attributed to him by the last above two witnesses but claimed these statements were part of a bragging contest among the three of them; on the preceding evening and early morning of the fire he was at the resi-

dence of Mrs. Ethel Barber where he played cards and drank coffee until shortly after 1 a.m.; he admitted telling the woman with whom he was living that thievery was occurring at the wrecking yard where he worked and he did in fact leave her residence to check on potential thievery but this occurred on the night preceding the fire. Mrs. Ethel Barber confirmed defendant's presence at her house continuously from about 7 p.m. on April 21 until shortly after 1 a.m. on April 22; the fire occurred just as she was getting into bed after defendant departed her residence.

During cross-examination of defendant, the state asked the following question concerning a different fire than the one involved here:

Q And, do you recall a high-speed chase in which Captain Bell was chasing you after that fire on East Fourth? A No, I never knew. Q You never did? A Never.

In rebuttal, the state called Captain James Bell, Chief Arson Investigator, and the following transpired:

Q You are Captain James Bell? A Yes, I am. Q And, were you previously sworn? A Yes, I was. Q *And, Captain Bell, did you have occasion in an investigation of other arson fires to look for Ernest Wicke? A Yes, I did.* MR. FELICE: Pardon. May we have that question read back. (The Reporter read back lines *13* through *14*.) MR. FELICE: I object. I think this is a mistrial. THE COURT: The objection will be sustained. It is not a mistrial. FELICE: I think in view of the ruling granted I would ask the Court to please instruct the Jury that the remarks on the investigation—those lines—be stricken from the record and that they be instructed to disregard it and in their deliberation. THE COURT: The objection is sustained. Q (By Mr. Kinnie) *Captain Bell, in connection with the fire on East Fourth, did you have occasion to chase the defendant, Ernest Wicke?* MR. FELICE: I object. THE COURT: The objection is sustained. MR. KINNIE: I have no further rebuttal. MR. FELICE: I have a question of Captain Bell. THE COURT: There is nothing to cross examine. MR. KINNIE: There is nothing to cross examine. THE COURT: The questions were objected to and sustained. There is nothing to cross examine on. MR. FELICE:

All right. THE COURT: Both sides rest. You may withdraw the Jury.

(Italics ours.)

Defendant's contention that he was denied a fair trial is grounded upon the trial court's refusal to strike the question and answer of Captain Bell, italicized above. It should be noted, parenthetically, that lines 13 and 14 consist of the first question without the answer. This question was read back without the answer and the objection to the question sustained. The court apparently believed it was clear the answer had not been permitted. The defendant argues the questions and answers were highly prejudicial and inadmissible; and by reason thereof the trial court erred in refusing to grant a judgment n.o.v. or, in the alternative, a new trial to defendant.

To the contrary, the state contends the questions and answers were proper and the trial court should have overruled the objections. It is unnecessary for us to decide which position is correct.

■ In *State v. Martin*, 73 Wn.2d 616, 627, 440 P.2d 429 (1968), the court said:

> A prejudicial error may be defined as one which affects or presumptively affects the final results of the trial. . . . When the appellate court is unable to say from the record before it whether the defendant would or would not have been convicted but for the error committed in the trial court, then the error may not be deemed harmless, and the defendant's right to a fair trial requires that the verdict be set aside and that he be granted a new trial. But, where the defendant's guilt is conclusively proven by competent evidence, and no other rational conclusion can be reached except that the defendant is guilty as charged, then the conviction should not be set aside because of unsubstantial errors. . . . To determine whether prejudice has resulted, it is necessary that the appellate court examine the entire record.

This case is a good example of where the state, having conclusively proven the defendant's guilt by competent evidence, became overzealous and ventured into an area of questionable relevancy. The net result was to provide to

the defendant a basis for appeal, where none otherwise existed. We are convinced, however, from an examination of the entire record that no other rational conclusion can be reached from the testimony except that defendant is guilty as charged. Therefore, even if the questions and the answers were improper and inadmissible, the error was not prejudicial.

Judgment affirmed.

Munson, C.J., and Evans, J., concur.
Petition for rehearing denied April 19, 1971.
Review denied by Supreme Court May 26, 1971.